UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **CAROL S. McARTHUR,** | ) |
| Plaintiff, | ) No. CV 14-04780 DSF (AJW) |
| v. | ) |
| **CAROLYN W. COLVIN,** | ) **ORDER DISMISSING ACTION** |
| **Acting Commissioner of Social Security,** | ) |
| Defendant. | ) |

On June 27, 2014, plaintiff, proceeding pro se and in forma pauperis, filed a complaint for judicial review, and a summons was issued. A Case Management Order ("CMO") was filed on July 1, 2014. [Docket Nos. 3, 7]. The CMO directed plaintiff to serve the summons and complaint and to file proof of service within 28 days of the date the complaint was filed. [CMO 1-2]. Plaintiff has not filed proof of service of the summons and complaint, nor has she taken any other steps to prosecute this action since filing the complaint.

An order to show cause ("OSC") was filed on February 11, 2016 directing plaintiff to show cause why this action should not be dismissed for failure to comply with the CMO and for lack of prosecution. The OSC warned plaintiff that failure to respond within the time allowed could lead to the dismissal of this action with prejudice. [Docket No. 8]. Plaintiff did not respond to the OSC.

///

It is well-established that a district court may dismiss an action for failure to prosecute, failure to follow court orders, or failure to comply with the federal or local rules. See Fed. R. Civ. P. 41(b); C. D. Cal. Local R. 7-12, 41-1; Link v. Wabash R.R. Co., 370 U.S. 626, 629-630 (1962); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) (per curiam). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendar of the District Courts." Link, 370 U.S. at 629-630.

In determining whether to dismiss a case for failure to prosecute, failure to comply with court orders, or failure to comply with a rule, a district court should consider the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Prod. Liability Litig., 460 F.3d 1217, 1226-1228, 1234-1252 (9th Cir. 2006) (discussing and applying those factors); Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (same); see, e.g., Computer Task Group, Inc. v. Brotby, 364 F.3d 1112, 1115 (9th Cir. 2004) (failure to comply with discovery orders); Southwest Marine Inc. v. Danzig, 217 F.3d 1128, 1138 (9th Cir. 2000) (failure to prosecute); Ghazali, 46 F.3d at 53 (failure to follow local rule). Regardless of whether a litigant's conduct is most properly characterized as failure to prosecute or to comply with a court order or a rule, the applicable standard is the same.

The first factor—the public's interest in the expeditious resolution of litigation—"always favors dismissal." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)). "Orderly and expeditious resolution of disputes is of great importance to the rule of law. By the same token, delay in reaching the merits, whether by way of settlement or adjudication, is costly in money, memory, manageability, and confidence in the process." In re PPA Prod. Liab. Litig., 460 F.3d at 1227.

The second factor—the court's need to manage its docket—also favors dismissal. See Pagtalunan, 291 F.3d at 642 (holding that this factor weighed in favor of dismissal where a habeas petition "consumed some of the court's time that could have been devoted to other cases on the docket"); Ferdik, 963 F.2d at

1261 (recognizing that district courts have inherent power to manage their dockets without being subject to noncompliant litigants). "[E]very 'plaintiff in federal court has a responsibility to prosecute his action diligently. Failure to do so may permit the district court to dismiss.'" Wade v. Ratella, 407 F. Supp. 2d 1196, 1209 (S.D. Cal. 2005) (quoting Collins v. Pitchess, 641 F.2d 740, 742 (9th Cir. 1981)).

The third factor—prejudice to the defendants or respondents—supports dismissal. A rebuttable presumption of prejudice to the defendant arises when a plaintiff unreasonably delays prosecution of an action. In re Eisen, 31 F.3d 1447, 1452-1453 (9th Cir. 1994) (citing Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976)); see Henderson v. Duncan, 779 F.2d 1421 1425 (9th Cir. 1986) ("[A]lthough no specific showing of prejudice to defendants is made, the integrity of the district court is involved. In this case, the district court did warn explicitly of the consequences of counsel's dilatory behavior . . . .").

The fourth factor—the availability of less drastic sanctions—also supports dismissal. Plaintiff was warned that failing to timely respond to the OSC could result in dismissal with prejudice. See In re PPA Prod. Liab. Litig., 460 F.3d at 1229 ("Warning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement."); Computer Task Group, Inc., 364 F.3d at 1116-1117 (noting that the disobedient party "had sufficient notice that continued refusal to cooperate would lead to terminating sanctions"); see also Anderson, 542 F.2d at 525 ("There is no requirement that every single alternative remedy be examined by the court before the sanction of dismissal is appropriate. The reasonable exploration of possible and meaningful alternatives is all that is required.").

The fifth factor—the public policy favoring disposition of cases on their merits—weighs against dismissal, as it always does. Pagtalunan, 291 F.3d at 643 (citing Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998)). Despite the policy favoring disposition on the merits, however, it remains a litigant's responsibility to comply with orders issued by the court and "to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics." In re Eisen, 31 F.3d at 1454 (quoting Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991)). Plaintiff has not fulfilled that obligation.

The five-factor test for dismissal under Rule 41(b) is a disjunctive balancing test, so not all five factors must support dismissal. See Valley Eng'rs Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir.

1998) (noting that the five-factor test "amounts to a way for a district judge to think about what to do, not a series of conditions precedent" to dismissal); Hernandez, 138 F.3d at 399 (explaining that dismissal is appropriate when four factors support dismissal or where three factors "strongly" support dismissal). Four of the five factors support dismissal.

A court has discretion to dismiss an action under Rule 41(b) with or without prejudice. See Fed. R. Civ. P. 41(b); Al-Torki v. Kaempen, 78 F.3d 1381, 1385 (9th Cir. 1996). Considering the length of time this action has been pending and the fact that plaintiff was warned that dismissal with prejudice was imminent, dismissal with prejudice is warranted.

**IT IS SO ORDERED.**

Dated: 3/9/16

_____
DALE S. FISCHER
United States District Judge

4